IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | 03-CR-327-BR |
| | (05-CV-748-BR) |
| Plaintiff, | |
| | OPINION AND ORDER |
| v. | |
| | |
| JEFFREY OWEN READY, | |
| | |
| Defendant. | |

**KARIN J. IMMERGUT**
United States Attorney
**GREGORY R. NYHUS**
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204-2902
(503) 727-1000

      Attorneys for Plaintiff

**JEFFREY OWEN READY**
#27588-086
FCI Sheridan
P.O. Box 5000
Sheridan, OR 97378

      Defendant, *Pro Se*

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Petitioner Jeffrey Owen Ready's Motion (#19) to Amend Judgment and Commitment Order, Waiving Restitution, Assessment, Motion to Amend Judgment and Commitment Order Authorizing 12 Month CCC VIA Direct Court Commitment to Halfway House. For the reasons that follow, the Court grants in part and denies in part Ready's Motion.

## BACKGROUND

On June 18, 1998, the Honorable Barbara Rothstein, District Judge for the Western District of Washington, sentenced Ready to the custody of the Bureau of Prisons (BOP) for a term of 30 months followed by a five-year term of supervised release. Ready began his supervised release on December 1, 2000.

On July 10, 2003, this Court accepted jurisdiction of this case. On July 11, 2003, this Court issued a Warrant of Arrest and Order to Show Cause why Ready's term of supervised release should not be revoked based on his probation officer's allegations that Ready violated the conditions of release.

On March 11, 2005, the Court held a hearing to determine whether the Court should revoke Ready's supervised release. At the same time, the Court held a hearing on Ready's sentencing for crimes he committed while on supervised release. At the hearing, the Court questioned Jerry Larsen, Ph.D., about his psychiatric

2 - OPINION AND ORDER

evaluation and findings regarding Ready. Dr. Larsen opined Ready had bipolar disorder and depression. In response to questioning from Assistant United States Attorney Gregory Nyhus, Dr. Larsen explained Ready had "frequently" been required to attend counseling or to receive medication and treatment for his disorders by various courts, but Ready often refused to participate in the counseling and resisted taking medication. The Court also questioned Ready about his frequent failures to attend counseling or to take medications. Ready informed the Court that he was "very sick" and needed "to be back on Interferon again."

When determining whether to revoke Ready's supervised release, the Court considered Ready's conditions of bipolar disorder and depression, his physical ailments, and Dr. Larsen's recommendations for treatment. The Court balanced these factors against the nature and seriousness of Ready's offenses and the need to protect the public and to deter Ready from committing further crimes. The Court pointed out the need to protect the public weighed particularly heavily in Ready's case because "the minute [Ready] entered into supervised release he was reemerged in this pattern of criminal behavior that led to the crim[inal] offenses."

The Court noted Ready's

> criminal behavior is so extended and so seemingly uncontrolled that in this case the seriousness of

3 - OPINION AND ORDER

> his risk to the community counterbalances the
> Court's authority to otherwise impose a more
> lenient sentence based on the [Petitioner's]
> diminished mental capacity at the time of these
> offenses.

The Court found Ready violated the conditions of supervised release when he left the judicial district without permission of the Court or his probation officer and failed to work regularly at a lawful occupation. The Court further concluded Ready was no longer suitable for continued community supervision.

On March 15, 2005, the Court issued an Order revoking Ready's term of supervised release and committing Ready to the custody of the Bureau of Prisons (BOP) for a period of four months to be served concurrently with the sentence imposed in case No. 04-CR-162-BR.

On July 12, 2005, Ready filed a Motion to Amend Judgment and Commitment Order, Waiving Restitution, Motion to Amend Judgment and Commitment Order Authorizing 12 Month CCC VIA Direct Court Commitment to Halfway House in which Ready requests an order waiving his restitution payments until he is released from prison. Ready also seeks an order amending his sentence to allow him to serve out the remainder of his sentence in a halfway house or residential treatment program.

## DISCUSSION

### I. Waiver of Restitution Payments

Ready alleges the BOP is seeking restitution from him in the amount of $25.00 per quarter "even though the Court waived restitution in this matter."

In the Judgment entered June 18, 1998, Judge Rothstein ordered Ready to pay a special assessment of $200.00 "payable immediately." The court also ordered Ready to pay restitution in the amount of $136,699.45 payable "in full immediately." Judge Rothstein waived the interest requirement for restitution.

In its March 15, 2005, Order Revoking Supervised Release Term and Imposing Sentence, this Court did not waive Ready's obligation to pay either the assessment or restitution.

The Court does not find any justification now to waive Ready's obligation to pay toward the special assessment from his prison earnings. The Court, therefore, denies Ready's request to relieve him from that obligation.

The Court, however, concludes it is in the interests of justice to relieve Ready from the duty to pay restitution from any of his prison earnings. Nonetheless, the Court intends restitution to be immediately collectible in the event Ready becomes able to pay the Judgment from new resources while he is incarcerated. The Court, therefore, only relieves Ready of the obligation to pay restitution from his prison earnings.

5 - OPINION AND ORDER

## II. Amendment of Sentence

### A. Applicability of § 2241

It is not clear from Ready's Motion whether he seeks relief under § 2255 or § 2241. "Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000)(citations omitted).

Because Ready challenges the conditions of his confinement and requests to serve the remainder of his sentence in a residential treatment facility, the Court interprets this Motion as a petition under § 2241 rather than § 2255.

### B. Merits under § 2241

Ready contends the Court did not adequately consider his need for treatment for his various mental disorders and physical condition when the Court failed to order the latter part of his sentence to be served in a half-way house or residential treatment facility.

At the hearing on his supervised release violation, the Court heard testimony from Dr. Larsen and questioned him extensively regarding Ready's mental illnesses and his ability to conform his conduct to the bounds of society. In addition, the Court heard from Ready himself regarding his health issues.

Ready informed the Court he was "very sick, with . . . . I'm going to need to be back on Interferon again. My colon is shot. And I don't want to die in here." The record reflects the Court considered all aspects of Ready's mental and physical issues and weighed them against his risk to society and the risk that he would commit further crimes. Ready has not produced any additional evidence of mental or physical conditions that the Court was not aware of at the time the Court revoked his supervised release.

Accordingly, the Court declines to alter or to amend the sentence imposed as a result of Ready's violation of conditions of supervised release.

## CONCLUSION

For these reasons the Court **GRANTS in part** and **DENIES in part** Ready's Motion (#19) to Amend Judgment and Commitment Order, Waiving Restitution, Motion to Amend Judgment and Commitment Order Authorizing 12 Month CCC VIA Direct Court Commitment to

Halfway House.

    IT IS SO ORDERED.

    DATED this 14th day of December, 2005.

                                    /s/ Anna J. Brown
                                    ANNA J. BROWN
                                    United States District Judge